Scofield, J.,
delivered the opinion of the court:
Has a Navy court-martial jurisdiction to try the Paymaster-General of the Navy ? That question involves another. Is the Paymaster-General a military or civil officer? If the former, the court-martial, undoubtedly, has this jurisdiction; if the latter, it has not. The answer to these questions settles this case.
The suit grows out of the following facts:
June 27, 1882, the claimant was nominated by the President and confirmed by the Senate Chief of the Bureau of Provision and Clothing, and Paymaster-General in the Department of the Navy with the relative rank of commodore. At that time he was a paymaster in the Navy with the grade of pay inspector.
June 25,1885, a court-martial was convened by the Secretary of the Navy for “ the trial of Paymaster General Joseph A. Smith, United States Navy.”
The court-martial convened July 8, 1885, and after a trial, sentenced the claimant “to be dismissed from the position of Chief of the Bureau of Provisions and Clothing in the Department of the Navy, and to be suspended from rank and duty as pay inspector, on furlough pay, for one year, and to retain his present number in his grade during that period.”
*147 January 7, 188G, the sentence was confirmed by the President, and January 29,1886, the claimant was so notified, and thereafter he was paid at the rate of $1,500 a year.
If so much of the sentence as undertakes to dismiss the claimant from his office of Paymaster-General is void, for want of jurisdiction, there would now be due him, for salary withheld, $1,438.36.
The character of this office must bedetermined by the statutes.
The Eevised Statutes provide as follows:
“Sec. 425. That he shall be appointed from the list of paymasters of the Navy of not less than ten years’ standing.
“Sec. 471. That he shall havethe relative rank of commodore while holding said position * * * and the title of Paymaster-General.
“ Sec. 1565. The pay of chiefs of bureau in the Navy Department shall be the highest pay of the grade to which they belong, but not below that of commodore.
“Sec. 1473. That officers who have been,or shall be, retired from the position of chiefs of the Bureau of Medicine and Surgery, of Provisions and Clothing, etc., shall have the relative rank of commodore.”
From these references it appears that the Paymaster-General must have been an experienced officer in the Navy at the time of his appointment to the higher position.
That by the new appointment he secures a higher rank in the Navy, ahigher,Navy title, and higher Navy pay.
That if he arrives to the age of 62 (the compulsory retiring age of Navy officers) before the expiration of his term as Paymaster-General, he is placed upon the retired list, with the rank and pay of his office.
Rank, title, pay, and retirement are the indicia of military, not civil, office.
On the other hand, we find no statute that directly or indirectly classes these bureau chiefs as civilians, and it does not appear that they have ever been so regarded in the Department. On the contrary, a military uniform corresponding to the rank of commodore has been prescribed for them by Navy Regulations and in all respects they have received the consideration due to their high military or naval rank.
Giving them a dual character (civil and military) might not only lead to confusion and inconvenience in the Department, *148 but deprive tbe chiefs themselves of some advantages secured to them by the opposite practice.
It would have been quite satisfactory to the court to have so shaped its judgments that the case might be heard in the Supreme Court, but understanding that that tribunal does not favor pro forma judgments, we act upon our own conviction and dismiss the case.